UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| AVA TORO<br>1053 MORGAN ST<br>JOLIET, IL 60463-1468,<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CALIMIRA, LLC, d/b/a RUSTY BUCKET RESTAURANT AND TAVERN<br>c/o ACME AGENT, INC.<br>41 S. HIGH STREET - #2800<br>COLUMBUS, OH 43215-6109,<br><br>    Defendant. | CASE NO. 2:23-cv-28<br><br>JUDGE<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Ava Toro, by and through undersigned counsel, for her Complaint against Defendant Calimira, LLC, d/b/a Rusty Bucket Restaurant and Tavern, states and alleges the following:

### INTRODUCTION

1. Plaintiff institutes this "collective action" because of Defendant's practices and policies of violating the tip credit that the Fair Labor Standards Act ("FLSA") provides, underpaying employees at the federally-mandated minimum wage rate, and failing to pay Plaintiff and all similarly-situated employees their earned minimum wages under the law. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. § 216(b).

2. Defendant pays its tipped employees, including servers and bartenders, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA. Under the tip-

credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3. However, there are strict requirements for an employer to use the tip credit. *See* 29 U.S.C. § 203(m).

4. An employer must advise an employee in advance of its use of the tip credit pursuant to section 3(m) of the FLSA. *See* 29 U.S.C. § 203(m) (stating that the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection." The employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

5. An employer must pay the minimum statutory hourly rate. *See* 29 U.S.C. § 203(m).

6. An employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See Osman v. Grube, Inc.*, No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017) (employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir.2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

7. Moreover, an employer cannot pay below minimum wage to tipped employees and then require those employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See, e.g.*, *Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017) (Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work.")*; Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time."); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (citing the "related to" standard in 29 C.F.R. § 531.56(e) and the 20% standard in 29 C.F.R. § 30d00(e)); *Flood v. Carlson Restaurants, Inc.,* No. 13 Civ. 6458 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) (denying defendant's motion to dismiss explaining that the 20% standard is a reasonable interpretation of the FLSA and ultimately granting 216(b) notice).

8. Defendant violated the FLSA in the following respects:

   a. **Violation for performing work unrelated to tipped occupation:** Defendant violated the FLSA by requiring Plaintiff and similarly-situated employees to perform improper types, and excessive amounts, of non-tipped work, including but not limited to cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

   b. **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week:** Defendant further violated the FLSA by requiring Plaintiff and similarly-situated employees to perform non-tipped side work in

excess of 20% of the time spent working in the week, including but not limited to cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

9. By violating the FLSA, Defendant has lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly-situated employees and the full minimum wage rate, unencumbered by the tip credit, and for all hours worked.

## SUBJECT MATTER JURISDICTION

10. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this case is brought under the laws of the United States.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES AND PERSONAL JURISDICTION

12. At all times relevant herein, Plaintiff was a United States citizen.

13. Plaintiff is an individual residing in Illinois.

14. The "Class Members" are all of Defendant's current and former tipped employees who worked for Defendant for at least one week during the three-year period prior to this action's filing, through the present.

15. At all times relevant herein, Defendant was a domestic limited liability company organized and existing under the laws of the State of Ohio, licensed to conduct business in the

4

State of Ohio, with a physical location at 390 West Nationwide Boulevard, Suite 300, Columbus, Ohio 43215.

16. Rusty Bucket Restaurant and Tavern is a registered trade name of Defendant Calimira, LLC.

## COVERAGE

17. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

18. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

19. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

20. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

21. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

22. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTS

23. Defendant operates a chain of restaurants under the trade name Rusty Bucket Restaurant and Tavern throughout the United States.

24. Defendant operates full-service restaurants that employ servers and bartenders to provide services to customers.

25. A server gathers orders from customers and delivers food and drinks to them.

26. A bartender makes alcoholic beverages for customers.

5

27. Defendant pays serves and bartenders less than the applicable federal and state minimum wages.

28. Plaintiff worked for Defendant at the Rusty Bucket Restaurant and Tavern in Joliet, Illinois, from March 2015 though July 2020 as a server. Defendant paid her less than minimum wage.

**(Unlawful Use of the Tip Credit)**

29. Defendant attempted to use the tip credit to meet their minimum wage obligation to their servers and bartenders, including Plaintiff and the Class Members.

30. Defendant maintained a policy and practice whereby Plaintiff and the Class Members were required to perform non-tip producing side work unrelated to their tipped occupation. As a result, Plaintiff and the Class Members engaged in dual occupations while being compensated at the tip credit rate. While performing these non-tip generating duties, they did not interact with customers and could not earn tips.

31. These duties included but were not limited to: cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

32. Defendant also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, in excess of 20 percent, performing non-tip producing side work related to the employees' tipped occupation.

33. Specifically, Defendant maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time performing non-tip producing side work, including but not limited to cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers;

replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

34. Further, Defendant required Plaintiff and the Class Members to perform non-tip producing work prior to the opening of the restaurant and/or after the restaurant closed. Indeed, Defendant required Plaintiff and the Class Members to arrive prior to the restaurants opened for business when there were no customers and no opportunity to earn tips, to perform manual labor cleaning and setup duties. Likewise, Defendant required Plaintiff and the Class Members to remain at the restaurant after it had closed for business and there was no opportunity to earn tips, to perform manual labor cleaning duties. At times, they spent 30 minutes to two hours performing work before the restaurant was open and the same amount of time after the restaurant was closed performing non-tip producing work.

35. However, Defendant did not pay Plaintiff and other Class Members the full minimum wage for this work. The duties that Defendant required Plaintiffs the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

36. When Plaintiff and other Class Members performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

37. Defendant did not have a policy prohibiting tipped employees from performing certain types, or excessive amounts, of non-tipped work.

**(Failure to Keep Accurate Records)**

38. Upon information and belief, although Defendant's timekeeping system could track multiple job codes for different work assignments, Defendant failed to track Plaintiff's or Class Members' specific tasks, and thus did not track or record how much time they spent performing non-tipped work.

39. Upon information and belief, Defendant used a point-of-sale system to record its tipped employees' hours worked. Defendant's timekeeping system could track multiple job codes for different work assignments, but Defendant failed to track to the specific tasks for Plaintiff and Class Members.

40. Upon information and belief, in its point-of-sale system, Defendant could have created different clock-in codes to allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

41. However, Defendant did not allow Plaintiff and Class Members to clock in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

42. As a result, Plaintiff and Class Members were not compensated at the federally-mandated minimum wage.

### (Willful Violation of the FLSA)

43. Defendant knew or should have known that its policies and practices violated the law, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or recklessly engaged in the above-mentioned violations of the FLSA. Defendant's method of paying Plaintiff and Class Members was not based on a good faith or reasonable belief that its conduct complied with the law.

44. Defendant's failure to comply with the requirements to take the tip credit, Defendant has lost the ability to claim the tip credit and owes Plaintiff and the Class Members pay at the full statutory minimum wage rate for all hours they worked for Defendant.

45. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all persons who were or are employed by Defendant as a tipped worker for at least one week during the three-year period prior to the commencement of this action to the present.

47. Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly-situated employees exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

48. The Class Members are similarly situated to Plaintiff in that they shared the same duties and were subject to the same FLSA violations.

49. Plaintiff and the Class Members labored under the same corporate structure, policies, chain of command, and company handbook rules.

50. The Class Members' names and addresses are available from Defendant's records. To the extent the law requires, notice will be provided to these individuals by first class mail, email, text message, or through techniques and a form of notice similar to those customarily used in representative actions.

51. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> **All current and former tipped employees who worked for Defendant for at least one week during the three-year period prior to the filing of this action to the present.**

52. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least 1,000 persons.

53. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §

216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations – Failure to Pay the Minimum Wage)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. This Count arises from Defendant's violation of the FLSA in connection with their failure to pay the minimum wages. *See* 29 U.S.C. § 206.

56. Defendant paid Plaintiff and the Class Members hourly rates less than the minimum wage.

57. Plaintiff and the Class Members were not exempt from the FLSA's minimum wage requirements.

58. Defendant's failure to comply with the FLSA's minimum wage requirements, in particular, the tip credit requirements, resulted in Plaintiff and the Class Members being paid less than the Federal minimum wage. Defendant's violation of the FLSA was willful.

59. Defendant's practice of failing to inform its employees of its intent to rely on the tip credit to meet its minimum wage obligations violates the FLSA.

60. Defendant's failure to pay the minimum wage to Plaintiff and the Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### WAGE DAMAGES SOUGHT

61. Plaintiff and the Class Members are entitled to receive the difference between the Federal minimum wage and the tip credit adjusted minimum wage for each hour they worked.

62. Plaintiff and the Class Members are entitled to liquidated damages.

63. Plaintiff and the Class Members are also entitled to recover their attorneys' fees and costs, as the FLSA requires.

## JURY DEMAND

64. Pursuant to her rights under the Constitution of the United States, amendment VII, and Fed. R. Civ. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation, pursuant to 29 U.S.C. § 216(b);

C. Minimum wage compensation unadulterated by the tip credit;

D. Liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the Class Members under the FLSA;

E. All misappropriated funds including all tips, expenses, and wages wrongfully withheld;

F. An order requiring Defendant to correct its pay practices going forward;

G. Reasonable attorneys' fees, costs, and expenses of this action;

H. Pre- and post-judgment interest; and

I. Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and equity.

Respectfully submitted,

s/ Alanna Klein Fischer
Alanna Klein Fischer (Ohio 0090986)
Anthony J. Lazzaro (Ohio 0077962)
Lori M. Griffin (Ohio 0085241)
Matthew S. Grimsley (Ohio 0092942)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
alanna@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

Plaintiff's Attorneys

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Alanna Klein Fischer
One of Plaintiff's Attorneys

12