FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 JAN -5 PM 3: 56

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ava Toro,

    Plaintiff,

    v.

Calimira LLC, *doing business as* Rusty Bucket Restaurant and Tavern,

    Defendant.

Case No. 2:23-cv-28

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Calimira LLC ("Defendant") moves to dismiss Ava Toro's ("Plaintiff") Complaint. ECF No. 23. For the following reasons, Defendant's motion is **DENIED**.

### I. FACTS[1]

During the relevant times, Plaintiff worked as a server at one of Defendant's restaurants. Compl. ¶ 28, ECF No. 1. Because servers and bartenders receive tips, Defendant pays servers and bartenders, including Plaintiff, at an hourly rate below the minimum wage. *Id.* ¶¶ 27, 29. Plaintiff alleges that Defendant requires servers and bartenders to spend time on non-tip-producing work, like cleaning and opening and closing duties, while paying them below minimum wage. *Id.* ¶¶ 30–37. Based on these allegations, Plaintiff

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's motion. *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

asserts a claim on behalf of herself and others similarly situated under the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 46–60.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (cleaned up). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner*, 27 F.4th at 466 (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's FLSA claim, invoking the *Chevron* and *Auer* deference doctrines. Mot., ECF No. 23.

### A. Legal Background

Before addressing the merits of Plaintiff's FLSA claim, the Court will first provide an overview of the relevant law.

#### 1. The FLSA

The FLSA "mandates that employers pay a federal minimum wage and overtime to certain types of employees." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023) (citing 29 U.S.C. §§ 206(a), 207(a)). This case deals with the FLSA's minimum wage requirement.

The FLSA generally requires employers to pay applicable employees a wage of at least $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). There is an exception for "tipped employees," which the FLSA defines as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(m), (t). This exception is sometimes called a "tip credit." *See, e.g.*, *Marsh v. J. Alexander's LLC*, 905 F.3d 610, 615 (9th Cir. 2018). An employer may pay tipped employees as low as $2.13 an hour, but, if the employee's tips fail to bring the employee's overall wage to at least $7.25 per hour, the "employer must supplement the tipped employee's wages to equal the minimum wage." *Wysincavage v. Penn Nat'l Gaming, Inc.*, No. 2:16-CV-1063, 2017 WL 5129003, at *2 (S.D. Ohio Oct. 23, 2017); *see also* 29 U.S.C. § 203(m).

## 2. The 1967 Regulation

In 1967, the Department of Labor ("DOL") "promulgated a series of regulations to implement the tip credit." *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1172 (11th Cir. 2021). Relevant here is the "dual jobs regulation" (the "1967 Regulation").

The 1967 Regulation covered employees who worked in "dual jobs," meaning they performed tipped and non-tipped work. 29 C.F.R. § 531.56(e) (1967 version). The 1967 Regulation distinguished between someone who worked in two distinct jobs (*e.g.*, working as a server and as a maintenance employee), and someone who worked in only one job but had overlapping duties (*e.g.*, a server who spends some time cleaning tables). *Id*. For the former category, employers could not use the tip credit for the time the employee worked the non-tipped position. *Id*. For the latter, the employer could use the tip credit for "related duties in an occupation that is a tipped occupation," even if those duties are "not by themselves [] directed toward producing tips." *Id*.

## 3. The 1988 Guidance

In 1988, the DOL issued guidance interpreting the 1967 Regulation (the "1988 Guidance"). The 1988 Guidance became known as the "80/20 rule" and is distilled to two rules:

> (1) An employer cannot take the tip credit for time an employee spent performing duties that were unrelated to the tipped occupation.
>
> (2) An employer can take the tip credit for time an employee performed duties related to her tipped occupation, provided that those

duties were not performed by that employee for more than twenty percent of her working hours.

*Rafferty*, 13 F.4th at 1175 (citation omitted).

### 4. The 2018 Guidance

In 2018, the DOL rescinded the 1988 Guidance with new guidance (the "2018 Guidance"). The 2018 Guidance "jettisoned any limitation on the amount of duties related to a tip-producing occupation." *Rafferty*, 13 F.4th at 1176. Under the 2018 Guidance, as long as a tipped employee performed "duties related to a tip-producing occupation" contemporaneously with "direct customer-service duties," the employer could take the tip credit for all time spent on those related, but not tip-producing, duties. *Id*. (quoting the 2018 Guidance). The 2018 Guidance also instructed that an online database known as "O*NET" would be used to determine whether a particular duty was "related to a tip-producing occupation." *Id*. (quotation marks and citations omitted).

### B. Are these regulations and guidance entitled to deference?

Having outlined the relevant rules and guidance, the Court will now turn to the heart of Defendant's motion: whether those rules and guidance are entitled to deference.

The Court has already fully addressed that issue in its recent Opinion in *Haase v. Cameron Mitchell Restaurants, LLC*, No. 2:23-CV-1316, 2024 WL 23159, at *3–8 (S.D. Ohio Jan. 2, 2024). To summarize, the Court held that the 1967 Regulation is entitled to *Chevron* deference; the 1988 Guidance is entitled

to *Auer* deference or, in the alternative, is persuasive; and the 2018 Guidance is not entitled to *Auer* deference or, alternatively, is unpersuasive. See *Haase*, 2024 WL 23159, at *3–8. The Court incorporates *Haase*'s reasoning and holdings here.

**C. Has Plaintiff stated a claim under the FLSA?**

Defendant contends that, in any event, Plaintiff fails to state a claim under the FLSA. Mot. 26–30, ECF No. 23. To sum up, only the 1967 Regulation and 1988 Guidance govern Plaintiff's FLSA claim. Under the 1967 Regulation's and 1988 Guidance's framework, an employer may not take a tip credit for directly supporting non-tip-producing work that exceeded 20 percent of the employee's work time or for time spent on duties unrelated to the tipped occupation.

In the Complaint, Plaintiff alleges that: (1) she and other tipped employees were regularly required to spend more than 20% of their time on directly supporting non-tip-producing work; (2) she and other tipped employees had to spend time on duties unrelated to their tipped occupation; and (3) Defendant still took a tip credit for all the time she and other tipped employees worked. Compl. ¶¶ 8, 29–37, ECF No. 1. Plaintiff also provides details about what types of non-tipped work she and others performed. *Id*. These allegations are enough to state a claim under the FLSA. Cf. *Forrester v. Am. Sec. & Prot. Serv. LLC*, No. 21-5870, 2022 WL 1514905, at *1–3 (6th Cir. May 13, 2022) (affirming the dismissal of an FLSA claim when the plaintiff did not allege any details about the allegedly unpaid work).

## IV. CONCLUSION

For these reasons, Defendant's motion is **DENIED**. The Clerk shall terminate ECF No. 23.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**